Opinion by CLINE, J. It was stipulated that all such portions except those described as "Tilsit" are similar in all material respects to cheese the subject of *Gruyere Cheese Corp.* v. *United States* (7 Cust. Ct. 171, C. D. 562) and *Kraft Phenix Cheese Corp.* v. *United States* (10 id. 271, C. D. 767), which records were incorporated herein. In accordance therewith the protests were sustained to this extent.

No. 49253.—Protests 60001–K, etc., of Werner Marx (New York).

Opinion by CLINE, J. It was stipulated that all such portions except those described as "Tilsit" are similar in all material respects to cheese the subject of *Gruyere Cheese Corp.* v. *United States* (7 Cust. Ct. 171, C. D. 562) and *Kraft Phenix Cheese Corp.* v. *United States* (10 id. 271, C. D. 767), which records were incorporated herein. In accordance therewith the protests were sustained to this extent.

MARCH 11, 1944

No. 49254.—SUIT 4432.—
    *Brandon Corporation* v. *United States.* C. D. 719 affirmed. C. A. D. 266.

BEFORE THE FIRST DIVISION, MARCH 15, 1944

No. 49255.—Protests 946065–G, etc., of Weiss & Biheller Merchandise Corp. (New York).

Opinion by OLIVER, P. J. In accordance with stipulation of counsel that the glass reflectors are similar to those the subject of Abstract 48951 the claim at 60 percent under paragraph 218 (c) was sustained.

BEFORE THE SECOND DIVISION, MARCH 15, 1944

No. 49256.—Protest 93659–K of Evans Chemetics Corp. (New York).

TILSON, Judge: This suit against the United States presents for determination the question of the proper classification of certain imported merchandise which was classified as aluminum scrap and duty levied thereon at the rate of 3 cents per pound under paragraph 374 of the act of 1930 and the trade agreement with Canada, T. D. 49752. The plaintiff claims said merchandise to be properly dutiable at only 7½ percent ad valorem under paragraph 1555 of said act and the trade agreement with the United Kingdom, T. D. 49753, as waste, not specially provided for.

At the trial of the case there was offered and received in evidence an analysis of the merchandise in question which was made by the Government chemist at New York. Counsel for the plaintiff also offered and there was received in